UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **09-CV-82438-Hurley-Hopkins**

AULEGE JEAN-BAPTISTE, on his own behalf and
others similarly situated,

    Plaintiff,

v.

SOUTHERN HEALTHCARE MANAGEMENT, LLC,
a Delaware Limited Liability Company,
SOVEREIGN HEALTHCARE OF BOYNTON BEACH, LLC,
a Delaware Limited Liability Company,
d/b/a BOULEVARD MANOR NURSING & REHAB,

    Defendants.
_____/



FILED by  VT  D.C.
ELECTRONIC

Dec. 18, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

1.    Plaintiff, AULEGE JEAN-BAPTISTE (hereinafter referred to as "Plaintiff"), was an employee of Defendants, SOUTHERN HEALTHCARE MANAGEMENT, LLC, a Delaware Limited Liability Company, and SOVEREIGN HEALTHCARE OF BOYNTON BEACH, LLC, a Delaware Limited Liability Company d/b/a BOULEVARD MANOR NURSING & REHAB (collectively referred to as "Defendants"), and brings this action on behalf of himself and other current employees and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

2.    In one or more work weeks during the three (3) year statute of limitations period between approximately December 2006 and November 2009, Plaintiff performed work as a nurse and related duties for Defendants in Palm Beach County, Florida.

3.      At all times material to this Complaint, Defendants, SOUTHERN HEALTHCARE MANAGEMENT, LLC and SOVEREIGN HEALTHCARE OF BOYNTON BEACH, LLC have owned and/or operated nursing facilities at multiple locations, including in Palm Beach County, Florida, within the jurisdiction of this Court. It is the intent of this collective action to apply to all similarly situated employees of Defendants regardless of location.

4.      This action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5.      Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C.§216(b).

6.      At all times material to this Complaint, SOUTHERN HEALTHCARE MANAGEMENT, LLC and SOVEREIGN HEALTHCARE OF BOYNTON BEACH, LLC, individually and/or collectively, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

7.      Based upon information and belief, the annual gross sales volume of SOUTHERN HEALTHCARE MANAGEMENT, LLC and SOVEREIGN HEALTHCARE OF BOYNTON BEACH, LLC, individually and/or collectively, was in excess of $500,000.00 per annum at all times material hereto.

8.      At all times material to this Complaint, SOUTHERN HEALTHCARE MANAGEMENT, LLC and SOVEREIGN HEALTHCARE OF BOYNTON BEACH, LLC, individually and/or collectively, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. At all times material to this Complaint, SOUTHERN HEALTHCARE MANAGEMENT, LLC and SOVEREIGN HEALTHCARE OF BOYNTON BEACH, LLC has acted in the direct interest of each other towards a collective interest and exercised common control over operations. The relationship by and between SOUTHERN HEALTHCARE MANAGEMENT, LLC and SOVEREIGN HEALTHCARE OF BOYNTON BEACH, LLC is that of employers and/or joint-employers of Plaintiff and the other similarly situated employees within the meaning of 29 U.S.C. §203(d).

10. The additional persons who may become Plaintiffs in this action are Defendants' nurses and other non-exempt employees who have worked in excess of Forty (40) hours during one or more work weeks at any location on or after approximately December 2006 but did not receive time and a half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks because, *inter alia*, Defendants unilaterally deducted time from the hours worked by Plaintiff and the other employee similarly situated employees for a meal break each day, regardless of whether they actually took a bona fide meal break every day, which resulted in Plaintiffs and the other employees similarly situated to him not receiving the full measure of overtime wages to which they are entitled. .

11. Plaintiff regularly worked in excess of Forty (40) hours per week in one or more weeks during his employment with Defendants between approximately December 2006 and November 2009.

12. Likewise, the other employees similarly situated to Plaintiff have regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants between approximately December 2006 and the present.

3

13. However, Defendants did not pay time and one-half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to him in one or more work weeks between December 2006 and the present.

14. The complete records concerning the hours worked by Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendants.

15. The complete records concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

16. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 15 above.

17. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked for Defendants in excess of Forty (40) hours per work week between approximately December 2006 and November 2009.

18. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked for Defendants and were not properly paid in one or more work weeks between approximately December 2006 and the present.

19. Defendants have knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one half of their regular rate of pay for all hours worked in excess of Forty (40) per week.

20. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages, plus

incurring costs and reasonable attorneys' fees.

21. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

22. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

23. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, AULEGE JEAN-BAPTISTE, and those similarly situated to him who have or will opt into this action, demands judgment against Defendants, jointly and severally, SOUTHERN HEALTHCARE MANAGEMENT, LLC and SOVEREIGN HEALTHCARE OF BOYNTON BEACH, LLC d/b/a BOULEVARD MANOR NURSING & REHAB, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

Dated: December 14, 2009  
Boca Raton, Florida

Respectfully submitted,

Keith M. Stern  
Florida Bar No. 321000  
E-mail: kstern@shavitzlaw.com  
Michael L. Scheve  
Florida Bar N. 0033640  
E-mail: mscheve@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
1515 S. Federal Highway, Suite 404  
Boca Raton, Florida 33432  
Telephone: (561) 447-8888  
Facsimile: (561) 447-8831  
Attorneys for Plaintiff

5

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
AULEGE JEAN-BAPTISTE, on his own behalf and others similarly situated.

(b) County of Residence of First Listed Plaintiff: **PALM BEACH**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404, Boca Raton, FL 33432
561-447-8888

### DEFENDANTS
SOUTHERN HEALTHCARE MANAGEMENT, LLC, a Delaware Limited Liability Company, SOVEREIGN HEALTHCARE OF

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

9:09 CV 82438 - Hurley - Hopkins

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed-(see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE _____    DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
29 USC 216(b) Action For Unpaid Overtime Wages

LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE December 14, 2009

FOR OFFICE USE ONLY
AMOUNT 350  RECEIPT # 548351 IFP